875 P.2d 781

**In the Matter of a Suspended Member of the State Bar of Arizona, Bradford Carey WOLTMAN, Attorney No. 006770, Respondent.**

No. SB–94–0032–D.

Comm. Nos. 90–2379, 91–1005, 91–1009, 91–1104, 91–1190, 91–1473, 91–1670, 91–1927, 91–1928, 91–2238, 91–2239, 91–2253, 92–0055, 92–0155, 92–0307, 92–0617, 92–0746, 92–0852, 92–0885, 92–0936, 92–0960, 92–1046, 92–1229, 92–1341 and 92–1484.

Supreme Court of Arizona.

May 24, 1994.

Harriet L. Turney, Chief Bar Counsel, Margaret H. Downie, Nancy A. Greenlee, Bar Co–Counsel, Phoenix, AZ, for the State Bar of Arizona.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that BRADFORD CAREY WOLTMAN, a suspended member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that BRADFORD CAREY WOLTMAN shall pay restitution in the following amounts to the following individuals:

| | | |
|---|---|---|
| Jean–Louise Joiner | — | $1,351.00 |
| Thomas A. Curti | — | 1,600.00 |
| James A. Jackson | — | 500.00 |
| Linda S. Douglass | — | 3,500.00 |
| Kristie Sue Williams | — | 1,500.00 |
| Linda Liles | — | 1,500.00 |
| Andrew Winston | — | 3,800.00 |
| Richard F. Deluca | — | 1,200.00 |
| Citizens–Jackson County Bank | — | 500.00 |
| Sigmund S. Witkowski | — | 2,500.00 |
| Connie R. Jamison | — | 300.00 |

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED BRADFORD CAREY WOLTMAN shall be assessed the costs of these proceedings in the amount of $3,899.55.

## EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION
OF THE
SUPREME COURT OF ARIZONA

In the Matter of BRADFORD C. WOLT-MAN, a Suspended Member of the State Bar of Arizona, RESPONDENT.

Comm. Nos. 90–2379, 91–1005, 91–1009, 91–1104, 91–1190, 91–1473, 91–1670, 91–1927, 91–1928, 91–2238, 91–2239, 91–2253, 92–0055, 92–0155, 92–0307, 92–0617, 92–0746, 92–0852, 92–0885, 92–0936, 92–0960, 92–1046, 92–1229, 92–1341, 92–1484.

## DISCIPLINARY COMMISSION REPORT

[Filed Feb. 4, 1994.].

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on December 11, 1993, for review of the record on appeal, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Officer's recommendation of disbarment and restitution. No objections to the Hearing Officer's recommendation were filed.

### Decision

By a concurrence of the eight members present,[1] the Commission adopts the recommendation of the Hearing Officer that the respondent, Bradford C. Woltman ("Woltman"), be disbarred, and that he make restitution totalling $18,251.00 to eleven of his clients, as detailed below. The Commission also unanimously adopts the findings of fact and conclusions of law of the Hearing Officer.

### Facts

The complaint in this matter is eighteen pages long, and contains twenty-five counts alleging misconduct in connection with twenty-four separate client matters. The allegations include conversion of funds, failure to perform work for which he was retained and for which he accepted retainers, failure to pursue the clients' cases with diligence and competence, failure to maintain communica-tion with clients, misrepresentation to clients concerning the status of their case, and failure to return client files and property. The complaint also alleges that Woltman practiced law after being placed on interim suspension, threatened adverse parties with physical violence, failed to remit money received on the clients' behalf, and allowed clients' cases to be dismissed or delayed.

The Hearing Officer found that Woltman's conduct violated ER 1.1, ER 1.2, ER 1.3, ER 1.4, ER 1.5, ER 1.15, ER 1.16, ER 3.2, ER 3.3, ER 3.4, ER 4.2, ER 4.4, ER 5.5, ER 8.1, ER 8.4, and Supreme Court Rules 41(g), 51(e), (f), (h), and (i), and 63.

### Procedural History

After Woltman was personally served with the formal complaint, he failed to participate in this matter. As he failed to respond to the formal complaint, the complaint was deemed admitted, pursuant to Rule 53(c)(1). Woltman was notified of his right to be heard in mitigation and, again, failed to respond. Woltman was notified of the opportunity to object to the Hearing Officer's report and to file a statement on review before the Commission. Woltman did not object to the Hearing Officer's report, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Hearing Officer that Woltman's conduct violated all of the ethical rules charged in the complaint.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990). In this matter, Woltman's conduct was so egregious that virtually every standard is applicable. Only a few need be included here to demonstrate the appropriateness of the Commission's recommendation.

Woltman converted client funds in two separate matters. In Count One, while working

---

1. Commissioner Greer did not participate in these proceedings.

with a national charity's telethon in 1992, Woltman deposited telethon funds into his own account. Despite the charity's repeated requests for reimbursement of the $1,351 in missing funds, Woltman has not since communicated with, nor reimbursed, the charity. In Count Nineteen, Woltman negotiated a judgment with a debtor on behalf of his creditor client. The judgment called for the debtor to make monthly $500 payments to the client through Woltman. At least one payment was made. However, Woltman never delivered any payments, which totalled at least $500, to the client. As the Hearing Officer notes, both Standards 4.11 and 5.11 indicate that, for this violation alone, disbarment is warranted.[2]

The Theoretical Framework to the Standards indicates that multiple acts of misconduct warrant a more severe sanction.

> The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations; it might be and generally should be greater than the sanction for the most serious misconduct.

Standards, p. 6. In this instance, while the misappropriation of funds accounts for the conduct found in two counts of the complaint, there are twenty-three additional counts detailing Woltman's lack of diligence, lack of competence, lack of communication with clients, misrepresentations, threats, and failure to return client property.

Standard 9.22, which lists factors to be considered in aggravation, includes multiple offenses and a pattern of misconduct as just two of the aggravating factors to be considered in determining the appropriate sanction. Also present in this matter are dishonest or selfish motive, failure to cooperate with or participate in the disciplinary process, vulnerability of the victims, and indifference to making restitution. No factors in mitigation were found.

The Commission agrees with the Hearing Officer that Woltman should not be practicing law. The past and potential serious harm to his clients is clear. The Commission recommends that Woltman be disbarred, and that he make restitution as follows:[3]

| | | |
|---|---|---|
| Client in Count One | — | $1,351.00 |
| Client in Count Two | — | $1,600.00 |
| Client in Count Three | — | $ 500.00 |
| Client in Count Six | — | $3,500.00 |
| Client in Count Seven | — | $1,500.00 |
| Client in Count Nine | — | $1,500.00 |
| Client in Count Sixteen | — | $3,800.00 |
| Client in Count Eighteen | — | $1,200.00 |
| Client in Count Nineteen | — | $ 500.00 |
| Client in Count Twenty | — | $2,500.00 |
| Client in Count Twenty–Three | — | $ 300.00 |

RESPECTFULLY SUBMITTED this 4th day of February, 1994.

/s/ Steven L. Bosse'
Steven L. Bosse', Chair
Disciplinary Commission

---

**2.** Standard 4.11 provides that disbarment is appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client. Standard 5.11 provides for disbarment when a lawyer engages in serious criminal conduct a necessary element of which includes, inter alia, intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, *misappropriation*, or theft (emphasis added).

**3.** The restitution recommended in Counts Three, Six, Seven, Nine, Sixteen, Eighteen, Twenty, and Twenty–Three represents unearned retainers paid to Woltman. The restitution recommended in Count One represents the missing pledges Woltman misappropriated from the national charity. The restitution recommended in Count Two represents the amount of an insufficient funds check Woltman issued to this complainant. The restitution recommended in Count Nineteen represents the payment received by Woltman which he never delivered to his client.